JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Anthony Loper, appeals his conviction in the Cuyahoga County Court of Common Pleas for felonious assault (R.C.2903.11), domestic violence (R.C. 2919.25), and unlawful sexual conduct with a minor (R.C. 2907.04). For the reasons stated below, we affirm.
 {¶ 2} On January 7, 2005, Loper was indicted on seventeen counts, including charges for felonious assault, kidnapping, domestic violence, unlawful sexual conduct with a minor, intimidation, and tampering with records. The case proceeded to a jury trial at which the following facts were revealed.
 {¶ 3} The victim in this case, M.J.[1] was born on December 29, 1988. The victim met Loper on November 11, 2003, near Tower City in Cleveland. The victim and Loper began a sexual relationship the day they met. At that time, the victim was fourteen; however, she represented to Loper that she was nineteen. Also, the victim was in the custody of Children and Family Services in Summit County and was supposed to be living in a foster home. However, the victim had run away from foster care and was living with her cousin.
 {¶ 4} After meeting Loper, the victim moved in with him. The two engaged in sexual intercourse approximately three times per week. The victim testified that she told Loper her real age a couple months after they met. Loper was aware she had not graduated from high school, and he encouraged her to get a GED. The victim's mother also testified that Loper was aware that the victim was only fourteen years old. She testified that her husband explained to Loper that the victim was only fourteen. The victim's mother admitted that she did not have a "tight" relationship with the victim. However, it is apparent from the mother's testimony that she and her husband did not want Loper "mess[ing]" with her fourteen-year-old daughter. In September 2004, the victim became pregnant with Loper's baby. She stated that Loper went to the hospital with the victim when she found out she was pregnant and that Loper was aware of the fact that she was pregnant.
 {¶ 5} The victim stated that during the time she was living with Loper, she used other names, including Ebony Graham and Tawana McKray, and their information because she "had wanted a job, and [Loper] had told me to." The victim said it was Loper's idea for her to use Ebony Graham's information and that Loper gave her the social security card and birth certificate of Ebony Graham in order to get identification. Ebony Graham was Loper's ex-girlfriend.
 {¶ 6} The victim also testified about an incident that occurred on December 21, 2004, while she was still pregnant. The victim stated that on that date, she and Loper got into a fight. She had gone into their bedroom and Loper came in after her and "started punching me and choking me." The victim claimed that Loper said he saw her "sitting in the car with some dude." She stated that the assault lasted for 20 to 25 minutes, at which point Loper stopped, sat for a minute, and then left the room. The victim then jumped out of the second-floor window to get away from Loper.
 {¶ 7} The victim was taken to the hospital. She gave EMS the name T.J., which she stated was part of her middle name. The victim also indicated she did not give EMS her first name because she was "on the run" from Summit County. The victim also admitted to using false names in other instances because she "didn't want to get in trouble" or get sent back to Summit County. She further stated that she wanted people to think she was older than she really was.
 {¶ 8} The EMS paramedic testified that the victim had lacerations to her right eye and finger marks or choke marks around her neck. The victim also had swelling about her lips.
 {¶ 9} Lieutenant JoEllen O'Neill and Officer William Tell also responded to the scene of the assault. Lieutenant O'Neill took photos depicting the victim's injuries that were introduced at trial. Lieutenant O'Neill testified the victim looked like she was "beaten up." The victim had a lot of swelling in her face, her eyes were swollen shut, and she had markings around her neck. Officer Tell testified that the victim was shaken up and scared and did not want to talk about the situation. Officer Tell observed that the victim had a swollen face, her eyes were "shut up like she had been beat pretty bad." Officer Tell interviewed the victim, who identified Loper as the perpetrator.
 {¶ 10} A few days later, Detective Thomas Lett arrested Loper, who was with the victim. Detective Lett observed that the victim had two black eyes. One eye was completely closed, and the other eye had evidence of trauma. The victim also had extreme bruising. She had scars around her throat and dark scratches up and down her throat.
 {¶ 11} At trial, the victim identified Loper as the person who assaulted her. She also stated that she and Loper got back together on Christmas Eve in 2004. Further, despite what happened, the victim stated she was still in love with Loper and she had accepted his proposal for marriage.
 {¶ 12} The victim had Loper's baby approximately 23 days before trial. This was her second child. She had another baby at age thirteen with someone else, and she never had custody of that child.
 {¶ 13} The defense presented witnesses at trial. Louiz Boykin testified that Loper was her boyfriend's grandson. She stated that Loper stayed with them for a month to a month and a half at the end of 2004. She stated that Loper had his own room and that he had "company" but nobody else really lived there with him. However, on cross-examination she stated that Loper and his girlfriend were sharing a room at their house and they would "come in and out." She does not recall Loper and his girlfriend fighting on December 21, 2004.
 {¶ 14} Yvonne Aufmuth testified that she is a case manager at Westhaven Youth Shelter. She stated that at the victim's request, she picked up some schoolbooks and a birth certificate for the victim. The birth certificate was in the name of Ebony Denise Graham, and the identifying information did not match the victim's actual name or date of birth.
 {¶ 15} Loper testified that when he met the victim, she told him her name was Ebony Graham and that she was nineteen years old. He admitted that he lived with the victim and had a sexual relationship with her. His testimony was contradictory and evasive as to when he found out the victim's real age. On direct examination he stated that he found out her age when she got pregnant. On cross-examination he stated that he found out from the victim's grandmother that the victim was a minor. When asked to confirm that he found out the victim's age when he found out she was pregnant, Loper stated it was "around that incident" and then stated, "like three months later I found out the age, like around December." However, he further testified that once he found out the victim's age, the victim would "sometimes spend the night, or [come] over to visit." He also stated that he was aware the victim was pregnant and that she told him that it was his baby. He denied beating up the victim.
 {¶ 16} Following trial, the jury found Loper guilty of one count each of felonious assault, domestic violence, and unlawful sexual conduct with a minor. The trial court sentenced Loper to consecutive prison terms of three years on the felonious assault charge and six months on the unlawful sexual conduct with a minor charge. The trial court also sentenced Loper to a prison term of six months on the domestic violence charge, and that sentence was suspended. In addition, the trial court sentenced Loper to five years of post-release control and classified Loper as a sexually oriented offender.
 {¶ 17} Loper filed this appeal, raising two assignments of error for our review that provide as follows:
 {¶ 18} "I: The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 19} "II: Appellant's conviction is against the manifest weight of the evidence."
 {¶ 20} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 21} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 22} Loper argues that there is no evidence that he assaulted the victim and that the victim's testimony was self-serving. He also questions the credibility of the victim, who had a history of using false names. Additionally, Loper argues that there was a lack of evidence showing that Loper knew the victim's age or was reckless in that regard. We find Loper's arguments to be without merit.
 {¶ 23} The felonious assault statute, R.C. 2903.11, provides in relevant part that "no person shall knowingly * * * cause serious physical harm to another * * *." The domestic violence statute, R.C. 2919.25, provides in relevant part that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." In this case the victim testified that Loper beat her about the face and head and choked her. Several witnesses testified as to the severity of the victim's injuries, including a swollen face, black eyes, and choke marks on her neck. Testimony was also introduced that the victim had been living with Loper and was carrying his child.
 {¶ 24} The unlawful sexual conduct with a minor statute, R.C.2907.04, provides that "no person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." In this case, the evidence clearly established that Loper, who was older than eighteen, engaged in sexual intercourse with the victim, who was under sixteen. Although the victim told Loper she was nineteen when they met, the victim testified that she informed Loper of her true age and they continued to engage in sexual conduct. The victim's mother also testified that Loper was aware of the victim's true age and that the mother's husband had informed Loper of the victim's age.
 {¶ 25} Insofar as Loper questions the victim's credibility, our review reflects that the victim was consistent in her statements and presented a detailed account of the incident that occurred on December 21, 2004. Her testimony was further supported by the testimony of other witnesses who observed her injuries. Also, there was testimony from the victim's mother that Loper was informed of the victim's age. On the other hand, Loper's testimony concerning his knowledge of the victim's age was inconsistent and his responses were evasive. We also observe that although this court considers the credibility of witnesses in reviewing the record, we accord due deference to the trier of fact because the jury had the opportunity to view the witnesses' testimony and adjudge their credibility. We find the trier of fact, viewing the record as whole, could find that the victim's testimony was credible.
 {¶ 26} Upon our review of the entire record, we find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the above crimes proved beyond a reasonable doubt. We also find that there was substantial evidence upon which a jury could reasonably conclude that all the elements of the crimes had been proved beyond a reasonable doubt. Accordingly, we conclude Loper's conviction was not against the sufficiency or manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, Judge Celebrezze, JR., P.J., and Corrigan, J., Concur.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding the non-disclosure of the identities of victims of sexual violence.